## MOUNTAIN STATES TELEPHONE & TELEGRAPH CO. v. WALKER.

Circuit Court of Appeals, Ninth Circuit.
October 28, 1929.

No. 5812.

466

John B. Wright and Carl R. Tisor, both of Tucson, Ariz., for appellant.

Hardy & Hardy and Duane Bird, all of Nogales, Ariz., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. This action was brought by the appellee, as administratrix of the estate of her deceased husband, to recover damages for his death, alleged to have been caused by a collision with the telephone wire belonging to the appellant, extending across Morley avenue in the city of Nogales, state of Arizona. The wire in question extended from a point 16 feet from the ground on a telephone pole on the west side of Morley avenue to the eaves of a house, No. 1537 North Morley avenue. The height of the wire on the west side was 16 feet, and on the east side about 9 feet. The appellant was operating under a franchise granted by the city of Nogales, which provided that the telephone wires erected thereunder "shall be so constructed as not to interfere with usual travel on said streets, alleys and public ways."

The decedent and his father, W. H. Walker, were engaged in the transfer and storage business in the city of Nogales, under the firm name of Walker Transfer & Storage Company. The deceased had been engaged in that business in Nogales for about six years before his death. At the time of the accident he was engaged in moving a truck load of furniture along North Morley avenue and was seated on top of the load of furniture in the truck. The bed of the truck was 3.75 feet above the surface of the street. At the time of the accident the decedent was seated on a box, the top of which was 6 to 7 feet above the bed of the truck. The appellant's telephone wire at the point of collision was from 10 to 12 feet above the roadway.

A great deal of the evidence taken in the case related to the question of whether or not the height of the load on which the decedent was riding was usual, and whether or not it was customary to ride on top of a truck load of furniture, and as to the height of the other wires in the city of Nogales. The case was tried before a jury, and a verdict rendered in favor of the administratrix. The appellant contends that the complaint did not state sufficient facts to constitute a cause of action, that the evidence was so insufficient to support a judgment that its motion for a directed verdict should have been granted, and that certain errors were made in the admission of testimony.

The complaint alleged that the defendant negligently and wrongfully maintained the telephone wire in question across North Morley avenue at such a height and in such a manner as to interfere with the usual and customary travel thereunder. It alleged the height at which the telephone wire was maintained; that the decedent was moving a load of household furniture of the usual customary height of approximately 7 feet from the platform of the truck; that the decedent was riding on top of the load of furniture, and that the movement and transportation of the load of furniture was the usual travel upon that street at that time and place; that by reason of the negligence in the maintenance by the defendants of the telephone wire across the street, without any fault or negligence on his part, decedent was struck by the telephone wire, knocked to the street, and killed.

The allegation that defendant maintained a telephone wire across the street in a position to interfere with the usual traffic upon the street is a sufficient specification of negligence. The complaint sufficiently al-

leges that the decedent, without fault on his part, was injured thereby.

The question as to whether or not the telephone wire in question was too low with reference to the travel reasonably to be expected along North Morley avenue was essentially one for the jury. That question was properly submitted to the jury, and their verdict thereon cannot be reviewed here.

It is further claimed that the evidence shows contributory negligence as a matter of law, and that the jury should have been instructed to bring in a verdict in favor of the defendant on that ground. Appellant's contention in this regard is based upon the evidence tending to show the familiarity of the decedent with the position of telephone and electric light wires crossing the streets of Nogales, and upon the evidence as to the conduct of the decedent at the time of the accident. It appears that a witness, Pina, employee of the decedent, was also riding on top of the load; that the truck was proceeding slowly; that Pina saw the telephone wire when they were within 10 or 12 feet of it; that he shouted a warning, and attempted to duck under it, but was struck in the forehead, and his hat knocked off, and turned around in time to see the decedent caught across the breast and under the arm by the telephone wire, which was broken by the contact that caused the decedent to fall from the truck, fracturing his skull, as a result of which he died.

Appellant contends that the decedent either knew, or should have known, the position of this telephone wire; that he should have heeded the warning of the witness Pina; that he was negligent in not ducking under the wire, instead of attempting to grasp it with his hands and lift it over his head. These questions were primarily for the jury. If the truck was moving at 8 miles per hour, not more than one second would elapse from the time the wire was first observed by the witness Pina and the time that he was struck by the wire and whirled about in time to see the wire strike the decedent. It is obvious that, if any negligence is to be imputed to the deceased, it is not in his conduct at the time of the collision with the wire, but his failure to remember the position and height of the wire. It cannot be said, as a matter of law, that a man, no matter how familiar he may be with the streets of a city and the ordinary hazards of traveling upon those streets, is bound to know and at all times to remember the height of the various wires strung across the street. The question of contributory negligence was properly submitted to the jury, and their verdict cannot be disturbed.

Appellant claims throughout the trial of the case that the height of the wire in question reasonably conforms to the height of other wires across the street maintained by the appellant, and also to other wires maintained by a public service corporation for lighting purposes. Objections were sustained to some questions propounded to the witness by appellant with relation to the height of certain wires and at certain localities in the city of Nogales, but the defendant was able to place before the jury evidence as to the height of other wires along North Morley avenue which would be encountered by the decedent in his trips up and down that avenue, and general testimony concerning the height of wires in the city.

We think the whole situation was sufficiently presented to the jury, and that there was no prejudicial error in the ruling of the trial court, excluding other evidence on the subject of the height of other wires. As was said in Fairbairn v. American River Elec. Co., 179 Cal. 157, 164, 175 P. 637, 640: "It is in evidence that many telephone and high power wires like those of defendant were strung along the highways at heights the same and even lower than the wires of defendant; but this is of no consequence, and can afford no protection to the defendant in its invasion of the right of those who were entitled to a safe and unobstructed ordinary use of the highways. It only increased the danger and liability to injury of those who had a right to an unobstructed passage under them."

We have examined the other assignments of error as to the admissibility of testimony, and find no error therein.

Judgment affirmed.